**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ROBERT PHILPOTT,                                                                              PLAINTIFF
ADC # 111495

v.                                                      4:25CV00028-JM-JTK

ARKANSAS DEPARTMENT                                                       DEFENDANT
OF CORRECTION

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United

States District Judge James M. Moody, Jr.   Any party may file written objections to all or part of

this Recommendation.   If you do so, those objections must: (1) specifically explain the factual

and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen

(14) days of this Recommendation.   By not objecting, you may waive the right to appeal

questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Robert Philpott ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of

Correction ("ADC").   He filed this pro se civil rights action pursuant to 42 U.S.C. § 198.   (Doc.

No. 1, 5-1).   Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis (Doc. Nos. 8,

9), which the Court will grant by separate Order.

The Court will now screen Plaintiff's Complaint pursuant to the Prison Litigation Reform

Act ("PLRA") and in forma pauperis statute.

II.    SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

III.    PLAINTIFF'S COMPLAINT

Plaintiff filed a Complaint and Amended Complaint (Doc. Nos. 8, 9).    The Court will read his Complaint and Amended Complaint together as one pleading for screening purposes.    Kiir v. N. Dakota Pub. Health, 651 F. App'x 567, 568 (8th Cir. 2016) (citing Fed. R. Civ. P. 8(e)) ("pleadings must be construed together so as to do justice").

Plaintiff sued the Arkansas Department of Corrections.    (Doc. No. 1 at 1).    He alleges that he was "housed with adults in the Arkansas Department of Correction when [he] was 15 years old and 100 pounds [and] was sexually molested."    (Doc. No. 1 at 2: Doc. No. 5-1 at 1).    Plaintiff

2

said when he told a captain that inmates were attempting to have sex with him, the captain failed

to protect Plaintiff and told him to "go back and fight."    (Doc. No. 5-1 at 1).    As a result, Plaintiff

was molested.    (Id. at 1-2).    The Warden of Wackenhut Unit—now known as the Grimes Unit—

made fun of Plaintiff when he heard Plaintiff was raped.    (Id. at 2).

Plaintiff maintains his placement with adults violated Arkansas law, as the law required he

be housed by the Division of Youth Services until he turned 16.    (Doc. No. 1 at 2; Doc. No. 5-1

at 1).

Plaintiff seeks damages.    (Doc. No. 5-1 at 3).

## IV.    ANALYSIS

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be

granted.

The limitations period for a § 1983 action is governed by the statute of limitations for

personal-injury actions in the state in which the claim accrues.    See Wilson v. Garcia, 471 U.S.

261, 276 (1985); Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995).    The Eighth

Circuit has acknowledged that, in Arkansas, the general personal-injury statute of limitations is

three years.    See Ketchum v. City of W. Memphis, 974 F.2d 81, 82 (8th Cir. 1992); Morton v.

City of Little Rock, 934 F.2d 180, 182–83 (8th Cir. 1991).    Therefore, § 1983 claims accruing in

Arkansas have a three-year statute of limitations.

Although courts look to state law for the length of the limitations period, "the accrual date

of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state

law."    Wallace v. Kato, 549 U.S. 384, 388 (2007).    "The general rule is that a claim accrues at

the time of the plaintiff's injury." Osborn v. United States, 918 F.2d 724, 731 (8th Cir. 1990)

(citing Wehrman v. United States, 830 F.2d 1480, 1483 (8th Cir. 1987)).

Plaintiff's reference to the Warden of the Wackenhut Unit, now known as the Grimes Unit, was a clear reference to past times.   It is a matter of public record that the Arkansas Department of Correction managed the Grimes Unit after mid-2002.[1]   This means the unlawful acts Plaintiff alleges had to have occurred by mid-2002.   Public records also reveal that Plaintiff was born on June 15, 1982.[2]   Plaintiff alleges he was sexually abused by other inmates when he was 15, which would have been in 1997.   Plaintiff's failure to protect claim accrued at the time he was sexually abused.   Because Plaintiff's claim accrued more than three years before he filed this action on January 14, 2025, Plaintiff's claim is time barred.    While the statute of limitations is an affirmative defense, it is apparent from the face of Plaintiff's complaint that that the conduct he complains of took place long ago.   Jones v. Bock, 549 U.S. 199, 211 (2007).

Plaintiff's failure to protect claim falls under 42 U.S.C. § 1983.   The Court notes that the Arkansas Department of Correction, the only Defendant in this action, is not subject to suit under 42 U.S.C. § 1983. .Zar v. S.D. Bd. of Exam'rs of Psychologists, 976 F.2d 459, 464 (8th Cir. 1992) (state departments not "persons" under § 1983).   Plaintiff's claim fails for that separate reason, as well.

**Plaintiff may file objections to this Recommendation.   If the failure to protect and abuse Plaintiff alleges took place within three years before the time he filed his Complaint on January 14, 2025, Plaintiff should let the Court know**.

---

[1]   DOC History & Events 1838 to 2011 - Arkansas Department of Corrections. https://doc.arkansas.gov/correction/about-us/prison-history-and-events/prison-history-and-events-2012-1838/ (last visited Jan. 31, 2025) ("On July 1, 2002, the Department assumed management of the Grimes and McPherson Units that had been privately managed by Wackenhut Corrections Corporation . . . ."   Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

[2]   https://apps.ark.org/inmate_info/index.php (last visited Jan. 31, 2025).

**V.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint be DISMISSED without prejudice;

2.    The Court recommend[3] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g);[4] and

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 3rd day of February, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[3] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[4] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."